STEPHEN ROSCOE & wife *vs.* EDWARD HALE & another.

The insertion of a debt in the schedule of creditors, filed and sworn to by the debtor under proceedings in insolvency, is not such an acknowledgment as will take the debt out of the statute of limitations.

The payment of a dividend by an assignee under the insolvent laws will not take the residue of the debt out of the statute of limitations as against the debtor.

ACTION OF CONTRACT on a promissory note for one hundred and fifty dollars, made by the defendants as partners, dated the 26th of May 1847, and payable on demand. Answer, the statute of limitations. The parties submitted the case to the court upon the following statement of facts :

" Subsequently to the date of said note, and less than six years

before the date of the writ, sometime in the year 1849, the defendants petitioned for the benefit of the insolvent act of 1838 ; and in the list of debts, at that time made, subscribed and sworn to by the defendants, was the note on which this action is founded. The note was duly proved against the estate ; and a dividend of thirty two dollars and fifty two cents was paid by the defendants' assignee on the same, which was indorsed thereon by the plaintiffs, without the knowledge or consent of the defendants. The defendants never received a discharge from their debts in insolvency, owing to an informality in the proceedings on their part.

" If the court shall be of opinion, on these facts, that the action is not barred by the statute of limitations, judgment is to be given for the plaintiffs ; otherwise, for the defendants."

No counsel appeared for the plaintiffs.

*J. Daggett,* for the defendants.

BIGELOW, J. The principle on which it is held that an acknowledgment of a debt is a good answer to the defence of the statute of limitations is, that it raises, by implication, a new promise, and thus removes the statute bar. It was therefore necessary, by the rules of special pleading, in order to avoid the plea of the statute of limitations, to reply a new promise, under which it was competent to prove an acknowledgment of the debt. But to render this proof a sufficient answer, it is necessary to show such an acknowledgment of the debt, as reasonably and by fair implication to lead to the inference that the debtor intended to renew his promise of payment. It is not enough to prove an admission of indebtment, if it is accompanied by circumstances which repel such inference, or even leave it in doubt whether the party intended to revive the cause of action. *Bangs* v. *Hall,* 2 Pick. 368. *Bailey* v. *Crane,* 21 Pick. 323. *Barnard* v. *Bartholomew,* 22 Pick. 291.

The evidence offered by the plaintiffs in the present case falls very far short of proving an acknowledgment of the debt declared on, sufficient to form the basis of a new promise. It is certainly true that, by the insertion of the debt in the schedule in insolvency, the defendants admitted the existence of the debt.

But it is also true that such an admission affords no just ground to infer any intent to renew the promise of its payment, or to extend the time within which they were legally bound to pay the debt. It was an admission made entirely *diverso intuitu.* So far from implying any new promise, or any intent to continue the contract in force beyond the time of its legal limitation, it rebuts any such presumption or inference. It was an act done as a necessary part of a proceeding by which the defendants sought to be absolved and discharged from their contracts and obligations, not to renew or extend them. Standing, as it does, by itself, unaided by other evidence, it furnishes no answer to the bar of the statute on which the defendants rely. Such was substantially the opinion of this court in *Woodbridge* v. *Allen,* 12 Met. 473, 474. And the point was expressly so adjudged in *Christy* v. *Flemington,* 10 Barr, 129, and *Hidden* v. *Cozzens,* 2 R. I. 401.

For the same reasons, the payment of a dividend on the note in suit, by the assignee of the defendants in insolvency, cannot avail the plaintiffs as evidence of a new promise. Proof of payment of part of a debt is, in legal effect, only evidence of an acknowledgment from which a promise to pay the remainder of the debt may properly be inferred. Such proof must therefore be subjected to the tests above stated; and if the payment is made under circumstances which rebut the inference of a new promise to pay the residue of the debt, it is no answer to the statute of limitations. If therefore we admit, for the sake of the argument, that the assignee, in paying a dividend, acts as agent of the debtor and makes the payment in his behalf, the difficulty still remains, that such payment being the result of proceedings intended for the relief of the debtor, and in which, by paying a part, he seeks to be discharged from the whole of his debts, it is impossible to torture it into evidence of a new promise. *Roosevelt* v. *Mark,* 6 Johns. Ch. 292. *Davies* v. *Edwards,* 7 Exch. 22. *Smith* v. *Eastman,* 3 Cush. 355.

*Judgment for the defendants.*